IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02863-JLK

BRENDAN DYER,

    Plaintiff,

v.

MARY CARLSON, AND
MARY BUCHANAN,

    Defendants.

---

ORDER GRANTING DEFENDANTS'
RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 19)

---

Kane, J.

This matter is before me on the Rule 12(b)(6) Motion to Dismiss (ECF No. 19) filed by Defendant Mary Carlson. Defendant Mary Buchanan has joined in the Motion. *See* Buchanan's Joinder in Rule 12(b)(6) Mot., ECF No. 20. For the reasons that follow, the Motion is granted, and the case is dismissed with prejudice.

LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint if it fails "to state a claim upon which relief can be granted." It is fundamental that a complaint must allege facts that establish a plausible basis for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[M]ere 'labels and conclusions,' and

1

'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). For purposes of ruling on the motion, the facts alleged are taken as true, but legal conclusions do not enjoy a similar supposition. *See id.*; *Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017).

## FACTS

Following a State of Colorado criminal conviction and sentence, Mr. Dyer began serving a parole term on March 6, 2018. *See* Compl. ¶¶ 13-15, ECF No. 1. He absconded from parole supervision and was arrested in Georgia on August 13, 2019. *Id.* ¶¶ 11-12. On February 24, 2020, the Colorado State Board of Parole (the "Parole Board") revoked his parole for the remainder of its term. *Id.* ¶¶ 3, 12, 22.

Mr. Dyer alleges that Defendants violated Colorado law and his constitutional rights when they revoked his parole for more than 30 days. *Id.* ¶ 10. According to Mr. Dyer, the Parole Board was only authorized to revoke his parole for a period of 30 days or less under the applicable provision of the parole-revocation statute. *Id.* ¶ 20; Colo. Rev. Stat. § 17-2-103(11)(b)(III) (2018). The provision relied on by Mr. Dyer was in effect when he began his parole term. *See* Compl. ¶ 15. However, on May 28, 2019—between the time Mr. Dyer was placed on parole and when he was picked up in Georgia, Colorado Senate Bill 19-143 ("S.B. 19-143") became effective. *Id.* ¶ 23; S.B. 19-143, 71st Gen. Assemb., 1st Reg. Sess. (Colo. 2019). This law modified the parole-revocation statute so that an individual who violates his parole by absconding can have his parole revoked for the remainder of his term. Compl. ¶ 23; Colo. Rev. Stat. § 17-2-103(11)(b)(II) (2019).

2

Ms. Carlson was the acting director of time computation for the Colorado Department of Corrections ("CDOC") when Mr. Dyer's parole was revoked in 2020. Compl. ¶ 7. Ms. Buchanan was a case manager for CDOC. Compl. ¶ 8. Mr. Dyer's Complaint in this case asserts two claims against Defendants. First, Mr. Dyer alleges Defendants intentionally and unlawfully confined him beyond the period allowed by law in violation of the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Second, Mr. Dyer claims his confinement violated his Fourteenth Amendment due process rights.

ANALYSIS

Mr. Dyer's claims rest on his contention that the May 2019 revisions to the parole-revocation statute were unlawfully applied in revoking his parole. The foundation for Mr. Dyer's claims is untenable, and his Complaint is otherwise deficient.

First, application of the revised version of the parole-revocation statute did not violate the *ex post facto* prohibition. "To fall within the *ex post facto* prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). The first characteristic is absent here, and so I do not address the second. Mr. Dyer asserts that his parole violation occurred when he first absconded, seventeen months before S.B. 19-143 was enacted, and that the changes effected by the bill were therefore applied retrospectively to his violation. But he ignores the continuous nature of his parole violation. The amendment to the parole-revocation statute was in place and effective for two-and-a-half months while Mr. Dyer was still violating his parole. Consequently,

3

application of the revised statute to Mr. Dyer's violation was not retrospective or unlawful. *See United States v. Boyd*, 149 F.3d 1062 (1998) (holding that "when a crime involves a continuing violation, application of a law enacted after the crime begins does not implicate the ex post facto clause").

Second, Defendants are entitled to qualified immunity. The Complaint does not allege that Defendants were personally involved in the revocation of Mr. Dyer's parole or his continued confinement. Even if it did, though, Mr. Dyer fails entirely to show existing law of the Tenth Circuit or generally accepted law that was clearly established and would have given Defendants fair notice that their conduct was unlawful. *See Ullery v. Bradley*, 949 F.3d 1282, 1298, 1292 (10th Cir. 2020). Mr. Dyer cites unpublished opinions that by definition are insufficient to show that the purported constitutional violations are clearly established. So, too, the out-of-circuit opinions he cites are clearly distinguishable from the facts he alleges.

Lastly, Mr. Dyer's Complaint fails to set forth sufficient allegations showing his claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the U.S. Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). Later, in *Cohen v. Longshore*, a panel of the Tenth Circuit clarified that "a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim." 621 F.3d 1311, 1317 (2010). Mr. Dyer's Complaint alleges:

On May 4, 2020, Plaintiff filed a post-conviction action alleging that the Parole Board breached its obligation under the parole contract when it revoked Mr. Dyer's parole for more than 30 days because he was revoked for absconding and under the law, as it existed at the time of the parole contract, he could not be revoked for more than 30 days. The District Court for the County of Boulder agreed and found that the Colorado Department of Corrections had illegally revoked Mr. Dyer's parole.

Compl. ¶ 27. In the Motion to Dismiss, however, Ms. Carlson's counsel represents that the public docket in the Boulder County case does not contain any ruling vacating or setting aside Mr. Dyer's parole revocation or sentence. In his Response to the Motion to Dismiss, Mr. Dyer does not contest this public fact.[1] The Complaint is, therefore, left without any well-pleaded allegations related to the *Heck* requirement or the potential exemption of Mr. Dyer's claims under *Longshore*.

## CONCLUSION

Defendants are correct on the points raised in the Motion to Dismiss as discussed above. Accordingly, Mr. Dyer's Complaint and civil action are DISMISSED WITH PREJUDICE.

DATED this 18th day of May, 2023.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

---

[1] This misstatement by Mr. Dyer's counsel is by no means the only error contained in his filings. The Response to the Motion to Dismiss is replete with misspelled words and incoherent sentences. Such submissions denigrate the pursuit of justice.